**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

| | |
|---|---|
| NELSON CHATFIELD, | Civil No. 07-1172 (JRT/RLE) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| WALGREEN COMPANY, | |
| Defendant. | |

Jeffrey M. Montpetit, **SIEBEN GROSE VON HOLTUM & CAREY, LTD**, 800 Marquette Avenue, Suite 900, Minneapolis, MN 55402, for plaintiff.

Jerome D. Feriancek, **THIBODEAU JOHNSON & FERIANCEK, PLLP**, 302 West Superior Street, Suite 800, Duluth MN 55802, for defendant.

Plaintiff Nelson Chatfield brought this negligence action against defendant Walgreen Company after he slipped and fell on dog feces in a Walgreen's store in Duluth. Walgreen removed the action to federal court and filed this motion for summary judgment. For the reasons discussed below, the Court denies Walgreen's motion.

**BACKGROUND**[1]

On August 28, 2004, Chatfield dropped off a prescription for refill at the Walgreen's store in Duluth, Minnesota. Chatfield arrived at Walgreen's at approximately

---

[1] For purposes of this summary judgment motion, the Court considers the facts and evidence in a light most favorable to Chatfield, the non-moving party.

8:50 p.m. He entered the store and proceeded to the rear area pharmacy, where he dropped off his prescription. Chatfield was told that the prescription refill would be ready in approximately 30 minutes.

Chatfield returned to the Walgreen's store at about 9:20 p.m. He entered the store and took a slightly different route to the rear pharmacy, this time walking past the cosmetics counter. As he passed the counter, he slipped and fell on a substance later determined to be dog feces.[2] The feces were approximately 2½ to 3 inches in diameter. Chatfield was not looking at the floor when he slipped, and he admitted in deposition testimony that if he had been looking at the floor, he likely would have seen the fecal matter. However, Chatfield was looking at store merchandise as he walked past the cosmetics counter.

Walgreen's assistant store manager Corey Berg started his shift at 8:00 p.m. that evening. Berg testified that he did an initial inspection of the store at the start of his shift, and that he did not see any feces on the floor. According to Berg, Walgreen's store employees are required to check their areas throughout the shift. Walgreen requires employees to inspect their areas approximately every 10 to 15 minutes.

At the time of the incident, Walgreen's employee Angie Leoni was working at the cosmetics counter. Leoni stated that she routinely walks around the cosmetics counter and up and down the aisles in the cosmetics area, typically every five or ten minutes.

---

[2] The parties conceded at oral argument that they have not actually tested the fecal matter to determine its origins. Nonetheless, the parties have agreed for purposes of this motion that the feces in question are canine.

Leoni further stated that on the evening in question, she did not see any fecal matter on the floor in the cosmetics area.

Chatfield described the feces as "slick." However, Chatfield admitted in deposition testimony that he did not know how long the feces had been on the floor when he slipped. He also stated that when he first entered the Walgreen's store to drop off his prescription, he did not see any dogs and did not see dog feces. Berg stated in deposition testimony that he did not see a dog in the Walgreen's store at any time after he began his shift at 8:00 p.m. None of the other Walgreen's employees on duty that evening reported seeing a dog in the store.[3]

Chatfield alleges that he suffered a torn rotator cuff and injury to his back as a result of his fall, and that he lost wages as a result of the injury. On January 19, 2007, Chatfield filed an action for negligence against Walgreen in Minnesota state court. Walgreen removed the action to this Court and filed the instant motion for summary judgment.

## ANALYSIS

### I.   STANDARD OF REVIEW

Summary judgment is appropriate in the absence of any genuine issue of material fact and when the moving party can demonstrate that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit,

---

[3] Although the Walgreen store has surveillance cameras, counsel for defendant stated in oral argument that the surveillance video does not show the cosmetics area, so that defendant was unable to determine precisely when or how the feces were deposited on the floor.

and a dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all reasonable inferences that can be drawn from the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.   NEGLIGENCE

Chatfield argues that Walgreen was negligent in maintaining its store by allowing dog feces to remain on the floor for a substantial period of time. Under Minnesota law, a store owner owes a duty to invitees to keep and maintain his premises in a reasonably safe condition. *Wolvert v. Gustafson*, 146 N.W.2d 172, 173 (Minn. 1966). The owner must protect invitees from known dangers as well as dangers it might discover with reasonable care. *Smith v. Kahler Corp.*, 211 N.W.2d 146, 151 (Minn. 1973). Where the store owner has not caused the dangerous condition, the plaintiff must establish that the owner had actual knowledge of the dangerous condition, or that the condition existed for a sufficient period of time to charge the owner with constructive notice of its presence. *Wolvert*, 146 N.W.2d at 173.

Chatfield does not argue that Walgreen employees caused the feces to be present, or that the employees had actual notice of the feces at the time of the incident. Instead, Chatfield contends that the feces were present on the floor for a sufficient amount of time to charge Walgreen with constructive notice of its presence. Walgreen responds that Chatfield has presented no direct evidence showing how long the feces had been on the

floor. Walgreen points to Chatfield's deposition testimony, in which he admitted that he did not know how long the feces had been on the floor.

The Court is not persuaded, however, that the absence of direct evidence requires judgment as a matter of law in favor of Walgreen. *See Do v. Wal-Mart Stores*, 162 F.3d 1010, 1013 (8th Cir. 1998) (noting that the nonmoving party may draw upon favorable inferences from circumstantial evidence to defeat summary judgment). Here, it is undisputed that Berg did not see any dogs in the Walgreen's store after he started his evening shift at 8:00 p.m. Other Walgreen employees on duty that evening, including Leoni, stated that they had not seen a dog in the store during their shifts. Although Chatfield did not see any fecal matter in the store when he dropped his prescription off at 8:50 p.m., he had taken a different route to the back of the store at that time and did not go past the cosmetics counter. Giving Chatfield the benefit of all reasonable inferences that can be drawn from these facts, a jury could reasonably conclude from the evidence that no dogs had been in the store after 8:00 p.m., and therefore the fecal matter must have been present on the floor prior to 8:00 p.m. Thus, a genuine issue of material fact exists regarding how long the feces were on the floor, and in turn whether Walgreen had constructive notice of the condition such that its failure to spot and remove the fecal matter breached a duty to Chatfield.

Walgreen further argues that the feces were open and obvious, relieving it of a duty of care toward Chatfield. A store owner is generally not liable to an invitee for harm caused by an activity or condition whose danger is "open or obvious" to him, unless the store owner should anticipate the harm despite such knowledge of obviousness. *Baber v.*

- 5 -

*Dill*, 531 N.W.2d 493, 495-96 (Minn. 1995).  Thus, "even for obvious dangers, a possessor has a duty to warn if harm to an invitee should be anticipated despite the obviousness of the danger." *Id.* at 496; *Peterson v. W.T. Rawleigh, Co.*, 144 N.W.2d 555, 557-58 (Minn. 1966) (finding store owner had duty to make safe or to warn of defendant's ice covered parking lot even though the condition was obvious).

Viewing the facts in a light most reasonable to Chatfield, however, a reasonable jury could conclude that the dog feces were not open and obvious.  If the fecal matter had been on the floor prior to 8:00 p.m., the fact that it was not discovered and removed prior to the accident at 9:20 p.m. suggests the feces may not have been as obvious as Walgreen contends.  The fact that Walgreen's store employees are required to check aisles every ten to fifteen minutes, and that the feces were relatively small in diameter, could reasonably be viewed to support such a conclusion.  Moreover, the record suggests Chatfield was looking at merchandise on the shelves, and not at the floor in front of him, when he slipped on the feces.  A reasonable jury may conclude that the feces were not open and obvious if Chatfield was in fact distracted by store merchandise.  *See Krengel v. Midwest Automatic Photo, Inc.*, 203 N.W.2d 841, 845-46 (Minn. 1973) (holding that distracting circumstances are factors for a jury to consider that may excuse a plaintiff who "did not look where he was stepping"); *Van Gordon v. Herzog*, 410 N.W.2d 405, 406-07 (Minn. Ct. App. 1987) (holding that a jury could find that circumstances operated to distract plaintiff from appreciating the danger posed by an open window).

Even if the fecal matter was open and obvious, however, Walgreen has a duty to protect its invitees if it should anticipate the condition that might cause injury despite its

obviousness. Here, a jury may reasonably conclude that Walgreen should anticipate that its invitees may be harmed by open and obvious substances on floors, in part because those invitees are likely to be viewing merchandise on store shelves. *See Gearin v. Wal-Mart Stores, Inc.*, 53 F.3d 216, 217 (8th Cir. 1995) ("In slip-and-fall cases like this one, it is proper to let the jury decide whether the property owner should have foreseen that people might injure themselves on visible ice patches on the property.")

For these reasons, viewing the facts in a light most favorable to Chatfield, the Court finds genuine issues of material fact with respect to Chatfield's negligence claim. Accordingly, the Court denies Walgreen's motion for summary judgment.

This case will be placed on the Court's next available trial calendar.

## ORDER

Based on the foregoing, all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Walgreen Company's Motion for Summary Judgment [Docket No. 7] is **DENIED**.

DATED: August 5, 2008　　　　　　　　　　　s/ John R. Tunheim   
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM  
　　　　　　　　　　　　　　　　　　　　　United States District Judge